DOMENGEAUX, Judge,
dissenting.
La.R.S. 14:75.2 states:
“In cases in which the responsible parent or other person owing a duty of support and the district attorney stipulate to an order of support, the court shall have the power to issue an order of support under the provisions of R.S. 14:75 without the necessity of instituting criminal proceedings under the provisions of R.S. 14:75.” (Emphasis added).
Defendant specifically stipulated with the District Attorney under the provisions of the above referred to statute.
La.R.S. 14:75.2, I respectfully suggest, indicates an intent on the part of the legislature to remove situations such as the one presented here, out of the sphere of the criminal law.
Our Supreme Court in State v. Broussard, while referring to 14:75, 75.1 and 75.2, stated specifically that “some of these” are necessarily criminal in nature. Obviously, at least one is not.
I respectfully suggest that 14:75.2 is the one. By its very language, 14:75.2 indicates noncriminality. It was under 14:75.2 that the stipulation herein was entered into and consequently defendant was not constitutionally entitled to counsel, explanation of rights, Boykinization, etc.
Of course the defendant in Broussard was charged with criminal neglect of family under R.S. 14:74 and the Supreme Court correctly identified 14:74 as a criminal statute. The defendant in the case sub judice was not charged under 14:74.
Had our Supreme Court in Broussard concluded that 14:75.2 was “criminal in nature”, it could or would have said so.
Accordingly, I respectfully suggest that defendant’s first assignment of error has no merit. I would therefore go on and consider the remaining four assignments of error suggested by defendant. These are: the question of necessitous circumstances of the children involved, his sentence under 14:75.2 was a multiple one violative of his constitutional rights, the defendant’s actions were justified, and his sentence is excessive.
My review of the record concerning these remaining four assignments leads me to conclude that they also have no merit.
I would affirm the action of the Trial Court.
I respectfully dissent.